UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
LUIS NUNEZ,

                Petitioner,

        -against-

JAMES T. CONWAY, Superintendent,
Shawangunk Correctional Facility,

                Respondent.
------------------------------------------------------------X

**REPORT AND RECOMMENDATION**

04 Civ. 3603 (SCR) (GAY)

TO THE HONORABLE STEPHEN C. ROBINSON, United States District Judge:

Petitioner Luis Nunez ("petitioner"), proceeding *pro se*, has filed a writ of habeas corpus pursuant to 28 U.S.C. § 2254. For the reasons set forth below, I respectfully recommend that the Court deny the petition in its entirety.[1]

## I. BACKGROUND

On May 11, 2000, petitioner was convicted of first degree assault (N.Y. Penal Law § 120.10(1)) and third degree criminal possession of a weapon (N.Y. Penal Law § 265.02(1)). See Opposing Declaration ("Opp. Decl."), at ¶ 3. He was subsequently sentenced (as a predicate felony offender) to concurrent terms of imprisonment of twenty years (assault) and three and one-half to seven years (weapon possession). See id. Petitioner is presently incarcerated at the Shawangunk Correctional Facility, Wallkill, New York.

Petitioner, by and through counsel, timely appealed the judgment of conviction to

---

[1] My conclusions are based upon my evaluation of petitioner's claims on their merits, without regard to the issue of exhaustion. See 28 U.S.C. § 2254(b)(2).

the Appellate Division, Second Department, on the grounds that: (1) the prosecution failed to establish a prima facie case of third degree weapon possession; (2) the evidence was legally insufficient to support the conviction for first degree assault; and (3) petitioner's sentence was harsh and excessive.  See Exh. B,[2] at 8-19.  Petitioner thereafter submitted a *pro se* supplemental brief in which he argued that he was denied effective assistance of counsel because his trial counsel failed to request a jury instruction for the lesser-included offense of second degree assault.  See Exh. D.  The Second Department, by Decision and Order dated November 12, 2002, affirmed the judgment of conviction.  See People v. Nunez, 299 A.D.2d 426, 749 N.Y.S.2d 435 (2d Dep't 2002).  The New York Court of Appeals denied petitioner leave to appeal on February 27, 2003.  See People v. Nunez, 99 N.Y.2d 618, 787 N.E.2d 1175, 757 N.Y.S.2d 829 (2003).

On or about January 22, 2002, while his direct appeal was pending, petitioner filed a motion to vacate the judgment of conviction pursuant to section 440.10 of the New York Criminal Procedure Law ("CPL"), on the ground that he was denied an opportunity to testify before the grand jury.  See Exh. I.  By Decision and Order dated March 4, 2002 (County Court, Rockland County, J. Kelly), petitioner's motion was denied in its entirety on procedural and substantive grounds.  See Exh. K.  On May 7, 2002, the Second Department denied petitioner's request for leave to appeal the denial of his 440.10 motion.  See Exh. N.

On or about May 3, 2003, petitioner filed a second CPL 440.10 motion to vacate

---

[2] Unless otherwise noted, exhibits are attached to respondent's Opposing Declaration.

on the ground that his trial counsel was ineffective because he (1) failed to pursue a justification defense, (2) failed to advise petitioner of his right to testify at trial, (3) failed to effectively cross-examine and impeach prosecution witnesses and (4) failed to interview Fernandez or call her as a witness.  See Exh. O.  By Decision and Order dated June 23, 2003, the trial court (Kelly, J.) denied petitioner's motion on the ground that it was procedurally barred.  See Exh. Q.  By Decision and Order dated November 19, 2003, the Second Department denied petitioner's request for leave to appeal the denial of his second 440.10 motion.  See Exh. T.

On or about April 2, 2004, petitioner timely filed the instant Petition for a Writ of Habeas Corpus wherein he asserts that he is entitled to habeas relief because (1) the evidence was legally insufficient and (2) he was denied effective assistance of trial counsel.

On or about June 22, 2004, petitioner applied to the Second Department for a writ of error *coram nobis*, wherein petitioner argued that appellate counsel was ineffective because he failed to argue ineffective assistance of trial counsel on direct appeal.  See Exh. U.[3]  By Decision and Order dated October 12, 2004, the Second Department denied petitioner's application.  See People v. Nunez, 11 A.D.3d 565, 782 N.Y.S.2d 652 (2d Dep't 2004).  The New York Court of Appeals denied petitioner leave to appeal the denial of his *coram nobis* application on March 30, 2005.  See People v. Nunez, 4 N.Y.3d 834, 829 N.E.2d 682, 796 N.Y.S.2d 589 (2005).

---

[3] On July 15, 2004, this Court granted petitioner's request to stay the instant habeas petition pending exhaustion of his ineffective assistance of appellate counsel claim.

3

## II. STANDARD OF REVIEW

"[I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions. In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States." Estelle v. McGuire, 502 U.S. 62, 68 (1991). See 28 U.S.C. § 2254(a). Subsequent to the enactment of the Antiterrorism and Effective Death Penalty Act of 1996, which amended 28 U.S.C. § 2254, a federal court may not grant habeas relief for any claim adjudicated on the merits in state court unless the petitioner establishes, in pertinent part, that the state court decision "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1). Further, pursuant to 28 U.S.C. § 2254(d)(2), a federal court may grant habeas relief when a claim considered on the merits in state court "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." To the extent that a habeas petition challenges factual findings, "a determination of a factual issue made by a state court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1).

## III. INEFFECTIVE ASSISTANCE OF COUNSEL

Petitioner asserts, in his second claim for habeas relief, that he was denied effective assistance of trial counsel. Specifically, petitioner alleges that his trial counsel (1) contradicted the sole defense witness's testimony in summation, (2) failed to request a jury charge on second degree assault, (3) failed to impeach prosecution witnesses's

4

testimony, (4) failed to pursue a justification defense, (5) would not permit petitioner to testify at trial and (6) failed to interview Sonia Fernandez or call her as a witness.

Petitioner asserted his second ground for ineffective assistance of trial counsel in his *pro se* supplemental brief on direct appeal; the Second Department denied said claim on its merits. See People v. Nunez, 299 A.D.2d 426 ("The defendant's remaining contentions, including those raised in his supplemental pro se brief, are without merit."). Petitioner thereafter raised his third, fourth, fifth and sixth grounds for ineffective assistance of trial counsel in his second 440.10 motion to vacate the judgment. The trial court denied said motion pursuant to CPL 440.10(2)(a), which prohibits collateral review for claims previously determined on appeal, and CPL 440.10(2)(c), which bars collateral relief for claims that a defendant failed to raise on direct appeal.[4] The Second Department thereafter summarily denied petitioner leave to appeal from the denial of his second motion to vacate.

A. Procedural Bar

Federal habeas corpus review of a state court's denial of a state prisoner's federal constitutional claim is barred if the state court's decision rests on an independent and adequate state procedural ground, unless the petitioner can demonstrate cause for the procedural default and actual prejudice resulting from the alleged constitutional violation, or show "that failure to consider the claims will result in a fundamental miscarriage of justice." Coleman v. Thompson, 501 U.S. 722, 750 (1991).

---

[4] Although the decision did not specifically cite to 440.10(2)(c), the trial court's statement that the petitioner "had every opportunity to develop [his ineffective assistance claim] on direct appeal" makes clear that the trial court relied on 440.10(2)(c) as well as 440.10(2)(a). See Exh. Q.

See Lee v. Kemna, 534 U.S. 362, 375 (2002). A procedural bar is "adequate" if it is "based on a rule that is firmly established and regularly followed by the state in question." Garcia v. Lewis, 188 F.3d 71, 77 (2d Cir. 1999) (internal quotation and citation omitted). Further, the adequacy of a state procedural bar must be examined in the context of "the specific circumstances presented in the case, an inquiry that includes an evaluation of the asserted state interest in applying the procedural rule in such circumstances." Cotto v. Herbert, 331 F.3d 217, 240 (2d Cir. 2003). To this end, the Second Circuit has set forth the following "guideposts":

> (1) whether the alleged procedural violation was actually relied on in the trial court, and whether perfect compliance with the state rule would have changed the trial court's decision; (2) whether state caselaw indicated that compliance with the rule was demanded in the specific circumstances presented; and (3) whether petitioner had "substantially complied" with the rule given "the realities of trial," and, therefore, whether demanding perfect compliance with the rule would serve a legitimate governmental interest.

Id. (quoting Lee, 534 U.S. at 381-85).

Here, the trial court denied petitioner's ineffective assistance of trial counsel claim pursuant to CPL 440.10(2)(a) and (2)(c) because petitioner's ineffective assistance claim had been denied on direct appeal. Thus, the trial court clearly relied on an "independent" state procedural rule in denying petitioner's ineffective assistance of trial counsel claim. Moreover, the trial court's written decision clearly indicated that it "actually relied on" the state procedural rule as the basis for denying petitioner's ineffective assistance claim. Further, petitioner did not "substantially comply" with the state procedural rule. As to the second Cotto guidepost, however, "New York courts have held that some ineffective assistance claims are not demonstrable on the main record and are more appropriate for collateral or post-conviction attack, which can

6

develop the necessary evidentiary record." Sweet v. Bennett, 353 F.3d 135, 139 (2d Cir. 2003) (quotation and citation omitted).

In his second 440.10 motion, petitioner alleged two record-based grounds in support of his ineffective assistance claim (and re-asserts them in the instant habeas petition): failure to impeach prosecution witnesses's testimony and failure to pursue a justification defense.

Based upon the analysis above, the trial court's denial of petitioner's ineffective assistance claim–to the extent supported by said record-based grounds–rested on an independent and adequate state procedural ground. Because there is an adequate and independent finding by the trial court that petitioner procedurally defaulted on said portion of his ineffective assistance claim, petitioner must demonstrate in his habeas petition "cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." Coleman, 501 U.S. at 750. Petitioner has made no claim of actual innocence amounting to a miscarriage of justice. See Murray v. Carrier, 477 U.S. 478, 496 (1986). Nor is there any indication in the record that this Court's failure to address the merits of petitioner's record-based contentions would result in a fundamental miscarriage of justice. Therefore, petitioner may circumvent the procedural bar on habeas review of his record-based allegations only by demonstrating both cause and prejudice.

"Cause" may be established by showing that either (1) the factual or legal basis for the claim was not reasonably available, (2) some interference by state officials made compliance with the procedural rule impracticable, or (3) the procedural default was the

result of ineffective assistance of counsel.  See Bossett v. Walker, 41 F.3d 825, 829 (2d Cir. 1994).  Here, petitioner attributes the cause of his procedural default to ineffective assistance of appellate counsel; specifically, petitioner argues that appellate counsel failed to raise said record-based allegations of ineffective assistance of trial counsel on direct appeal.

In order for a claim of ineffective assistance of counsel to constitute sufficient "cause" for a procedural default, counsel's ineffectiveness must rise to the level of a Sixth Amendment violation, as outlined in Strickland v. Washington, 466 U.S. 668 (1984).  See Carrier, 477 U.S. at 488-89.  Under the Strickland standard, petitioner will prevail on his ineffective assistance claim if he demonstrates (1) that his attorney's performance "fell below an objective standard of reasonableness" and (2) that there is a "reasonable probability" that, but for counsel's error, "the result of the proceeding would have been different."  Strickland, 466 U.S. at 688, 694.  As to the "performance" prong, petitioner must demonstrate that appellate counsel's failure to assert said record-based allegations of ineffective assistance of trial counsel "was unreasonable under the prevailing norms."  Kimmelman v. Morrison, 477 U.S. 365, 381 (1986).  Further, this Court's review of appellate counsel's performance must be "highly deferential," and there is a "strong presumption" of attorney competence."  Id.  More to the point, the Supreme Court has held that indigent defendants do not have "a constitutional right to compel appointed counsel to press nonfrivolous points requested by the [defendant], if counsel, as a matter of professional judgment, decides not to present those points."  Jones v. Barnes, 463 U.S. 745, 751-52 (1983).

In sum, given the "importance of winnowing out weaker arguments on appeal

8

and focusing on one central issue if possible, or at most on a few key issues," id., appellate counsel's choice of issues to be raised on direct appeal was not objectively unreasonable. Therefore, petitioner cannot satisfy the inadequate performance prong of Strickland. Neither has petitioner established the second Strickland prong, because a review of the record does not indicate that, if appellate counsel had raised said record-based allegations of ineffective assistance of trial counsel on direct appeal, there was a reasonable probability that the Second Department would have overturned petitioner's conviction.[5] As a result, petitioner cannot establish a Sixth Amendment ineffective assistance of *appellate* counsel claim, nor can he show cause for procedurally defaulting said record-based grounds for his Sixth Amendment ineffective assistance of *trial* counsel claim. Accordingly, I conclude, and respectfully recommend, that petitioner's procedural default bars federal review of his ineffective assistance claim to the extent supported by said record-based grounds.

On the other hand, in his second 440.10 motion, petitioner alleged two non-record-based grounds in support of his ineffective assistance claim (and re-asserts them in the instant habeas petition): refusal to allow petitioner to testify at trial and failure to interview Sonia Fernandez or call her as a witness. Based upon the analysis above, the trial court's denial of petitioner's ineffective assistance claim–to the extent supported by said non-record-based grounds–did not rest on an adequate state procedural ground. Thus, this Court must review the merits of the remaining portion of

---

[5] It should be noted that, although petitioner presented an ineffective assistance of trial counsel claim on direct appeal via his *pro se* brief, he failed to assert said record-based allegations as grounds for relief.

9

petitioner's ineffective assistance claim which is supported by said non-record-based allegations as well as the two remaining grounds (trial counsel contradicted the sole defense witness's testimony in summation and failed to request a jury charge on second degree assault).

    B. Trial Counsel's Summation

Petitioner argues that his trial counsel was ineffective because his summation contradicted the testimony of the sole defense witness. Vanessa Infante, petitioner's stepdaughter, was the only defense witness. Infante testified as follows: Alberto Suarez told Sonia Fernandez (Infante's mother) that Infante was a bitch and that she was manipulating Suarez's stepdaughter, Jennifer Rolan (524-25).[6] An argument ensued between Suarez and Fernandez, which escalated into a physical altercation. Suarez was punching and hitting Fernandez. Infante ran upstairs and told petitioner that Suarez was "beating up" Fernandez. Petitioner came downstairs and separated Suarez and Fernandez. Suarez "went on to" petitioner and they began fighting. Infante "got more scared" and ran to the corner (525). She did not see petitioner take the knife with him when he left the house (528).

Defense counsel's theory of the case was that petitioner was not guilty of any of the crimes charged because he did not possess the requisite intent. To this end, defense counsel stated in summation (597-606):

> Now Vanessa Infante told you that she went upstairs, and she told her father a man was hitting her mother.
> Now that was the moment when Mr. Nunez formed his intent.
> . . .

---

[6] Numbers in parentheses refer to pages from the trial transcript.

10

> His daughter comes up and tells him Alberto is hitting mommy. Mr. Nunez grabs a knife. Does he grab that knife with the intention of murdering or trying to murder Mr. Suarez? Does he grab that knife with the intention of trying to inflict a serious physical injury on Mr. Suarez?
>
> I tell you no. I tell you the intention he formed at that minute is the same intention I think any one of you would have formed had your family been in trouble or been in a fight. He forms the intention to protect his wife.
>
> . . .
>
> I submit to you that as he came down those stairs thinking about his wife being hit, his judgment was so overcome that he in effect almost couldn't form an intent to murder Mr. Suarez or to cause serious physical injury to Mr. Suarez. He couldn't form an intent to take that knife and use it unlawfully.
>
> . . .
>
> I submit to you that Mr. Suarez's [sic] intent was not to use that knife unlawfully. Mr. Suarez's [sic] intent was to protect his family. He grabbed the knife because he didn't know what was going on downstairs in that fight. . . .
>
> . . . Would he have been better off had he not grabbed that knife? Certainly. Had he not grabbed that knife we all wouldn't be sitting here.
>
> I wish now as I stand here and I talk to you, he hadn't grabbed that knife, . . .
>
> So in his rush to help his wife, he uses poor judgment. He picks up the knife, and he runs downstairs.
>
> And maybe he overreacts. Maybe – we take the worst scenario – he came down and immediately slashed Mr. Suarez and immediately stabbed Mr. Suarez. I submit to you his judgment was so overcome, he was so heated up that he didn't form and couldn't form the intent to kill or to inflict serious injury. . . .
>
> . . .
>
> The mere fact that Mr. Suarez – Mr. Nunez used this knife and did what looks like an attempted murder or an attempt to inflict serious physical injury. Don't go just by the appearance itself. Go by the circumstances.
>
> . . .
>
> We have a man here who no doubt was stabbed. We have a man here who no doubt was injured. We have a man here who no doubt ended up in the hospital. But don't let that blind your judgment. . . .

The gist of petitioner's present argument is that he was prejudiced by defense counsel's "concession" in summation that petitioner possessed a knife and stabbed

Suarez with it.[7] Contrary to petitioner's contention, he fails to demonstrate that he was prejudiced by said "concession." In the first instance, the prosecution witnesses testified consistently that Fernandez was the aggressor in the confrontation with Suarez (318, 386-87, 439-40, 396-98). Two witnesses testified that they saw Nunez come up to Suarez and make thrusting motions toward his stomach and/or chest (319-20, 440-43). Suarez testified that Nunez "ran straight at" him with the knife, slashed him below the belly button and then stabbed him in the chest and twisted the knife (400). Further, the doctor who treated Suarez at Nyack Hospital testified that he suffered a six-inch linear cut below the belly button and a two-and-a-half inch stab wound just below the ribs, deep enough that it lacerated his liver (495-503). Given the above testimony, a reasonable jury could conclude that petitioner stabbed Suarez with a knife. In other words, petitioner fails to establish a "reasonable probability" that, but for counsel's "concession" in summation that petitioner possessed a knife and stabbed Suarez with it, "the result of the proceeding would have been different." Strickland, 466 U.S. at 688, 694. Accordingly, I conclude, and respectfully recommend, that petitioner's ineffective assistance claim based upon defense counsel's summation is without merit.

    C. <u>Failure to Request Charge for Lesser Included Offense</u>

Petitioner also seeks habeas relief on the ground that his attorney failed to request a jury charge for the lesser included offense of second degree assault. "The decision whether to request a lesser included offense instruction is [a] matter of trial

---

[7] To the extent petitioner argues that defense counsel's comments in summation constituted an actual conflict of interest, said claim is vague, conclusory and unsubstantiated and, thus, is without merit.

strategy, and as such it is entitled to deference." Brown v. Rick, No. 01 Civ. 4310, 2003 WL 22801397, at *6 (S.D.N.Y. Nov. 25, 2003) (quotation and citation omitted). In the present case, as previously discussed, defense counsel's theory of the case was that petitioner was not guilty of any of the crimes charged because he did not possess the requisite intent. Pursuant to the relevant portion of N.Y. Penal Law § 120.05, a person is guilty of second degree assault if he intentionally causes serious physical injury to another person, intentionally causes physical injury to another person by means of a deadly weapon or dangerous instrument, or recklessly causes serious physical injury to another person by means of a deadly weapon or dangerous instrument. Thus, had defense counsel sought the second degree assault charge, he would have undermined petitioner's defense. Defense counsel's decision not to give the jury an option which could result in a compromise verdict was not objectively unreasonable. Moreover, in light of the prosecution's evidence, petitioner fails to demonstrate a "reasonable probability" that the outcome of the trial would have been any different had the lesser included offense instruction been requested (and given). Accordingly, I conclude, and respectfully recommend, that petitioner's ineffective assistance claim based upon defense counsel's failure to request a charge for the lesser included offense is without merit.

### D. Petitioner's Right to Testify

Petitioner asserts that trial counsel was ineffective because he would not permit him to testify in his own behalf. Generally, only a defendant may waive the right to testify, not defendant's counsel. See Brown v. Artuz, 124 F.3d 73, 76-78 (2d Cir.1997). Petitioner's claim, however, is contradicted by the trial record. The following colloquy

occurred just prior to summations (575-76):

> THE COURT: Mr. Spitzer, I understand there's a matter you want to put on the record.
>
> MR. SPITZER: Number one, just for purposes of a record, I would like the record to be very clear that after conversations with Mr. Nunez, he had advised me that the reason he didn't take the stand was because of the ruling your Honor made on the assault conviction.
>
> THE COURT: Oh yeah. I understand that.
>
> MR. SPITZER: So I would like that clear.
>
> THE COURT: We had Sandoval hearings.

It appears from the trial record, therefore, that *petitioner decided* not to testify because of the Sandoval ruling. Moreover, petitioner fails to satisfy Strickland's prejudice prong. Petitioner asserts that he would have proffered the following testimony: He was "minding his own business" in his house when Vanessa summoned him to "hurry up and get downstairs because Alberto was beating up Sonia." He went to rescue Sonia from imminent danger because Suarez was a man, twice her size. He saw Suarez hit Sonia, and "fairly" calmly told Suarez to stop and to leave before he gets hurt. Petitioner moved to pull Suarez away from Sonia and Suarez hit him. Suarez and petitioner wrestled and threw punches at each other. Suarez suddenly broke loose, "threatened" petitioner, and ran away. Petitioner "retreated" in the opposite direction. See Memorandum of Law in Support of Petition for a Writ of Habeas Corpus, at 16. In the first instance, petitioner's version of events was, in relevant part, presented to the jury via Vanessa Infante's testimony. Moreover, in light of the prosecution's evidence,

14

petitioner fails to demonstrate a "reasonable probability" that the outcome of the trial would have been any different had he testified. Accordingly, I conclude, and respectfully recommend, that petitioner's ineffective assistance claim based upon defense counsel's refusal to allow petitioner to testify is without merit.

### E. Failure to Interview/Call Sonia Fernandez

Petitioner also contends that he is entitled to habeas relief because his trial counsel failed to interview Sonia Fernandez or call her as a witness. Defense counsel's decision, however, was supported by valid tactical considerations and, therefore, does not constitute ineffective assistance of counsel. See Medina v. McGinnis, No. 04 Civ. 2515, 2004 WL 2088578, at *24 (S.D.N.Y. Sept. 20, 2004) (listing cases). In any event, given the testimony at trial, petitioner fails to demonstrate a reasonable probability that he would not have been convicted had Fernandez testified. Accordingly, I conclude, and respectfully recommend, that petitioner's ineffective assistance claim based upon defense counsel's failure to interview Sonia Fernandez or call her as a witness is without merit.

## IV. INSUFFICIENT EVIDENCE

Petitioner asserts that the evidence was legally insufficient to support his conviction for first degree assault. The Second Department addressed this claim as follows:

> The defendant's challenge to the legal sufficiency of the evidence is unpreserved for appellate review (see CPL 470.05[2]; *People v. Gray*, 86 NY2d 10; *People v. Udzinski*, 146 AD2d 245). In any event, viewing the evidence in the light most favorable to the prosecution, we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt.

15

See People v. Nunez, 299 A.D.2d 426, 749 N.Y.S.2d 435 (2d Dep't 2002) (internal citation omitted).

The Second Circuit has held "that where a state court says a claim is 'not preserved for appellate review' and then ruled 'in any event' on the merits, such a claim is not preserved." Fama v. Comm'r of Corr. Servs., 235 F.3d 804, 811 n.4 (2d Cir. 2000). Further, it is well established that CPL § 470.05(2) is an adequate and independent state procedural rule. See Garcia, 188 F.3d at 79. Because there is an adequate and independent finding by the Second Department that petitioner procedurally defaulted on his insufficient evidence claim, petitioner must demonstrate in his habeas petition "cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." Coleman, 501 U.S. at 750. Petitioner, however, has made no attempt to show cause or prejudice, and there is no indication that this Court's failure to address the merits of petitioner's claim would result in a fundamental miscarriage of justice. Accordingly, I conclude, and respectfully recommend, that petitioner's insufficient evidence claim is procedurally barred and must be dismissed.

## V. CONCLUSION

For the foregoing reasons, I respectfully recommend that the instant petition for a writ of habeas corpus be denied in its entirety.

## VI. NOTICE

Pursuant to 28 U.S.C. § 636(b)(1)(B) and Rule 8(b)(3) of the Rules governing

## VI. NOTICE

Pursuant to 28 U.S.C. § 636(b)(1)(B) and Rule 8(b)(3) of the Rules governing § 2254 proceedings, the parties shall have ten (10) days from receipt of this Report to serve and file written objections to this Report and Recommendation. If copies of this Report are served upon the parties by mail, the parties shall have thirteen (13) days from receipt of this Report to file and serve written objections. See Rule 11 of the Rules governing § 2254 proceedings; Fed. R. Civ. P. 6(e). Such objections, if any, shall be filed with the Clerk of the Court, with extra copies delivered to the chambers of The Honorable Stephen C. Robinson at the United States District Court, Southern District of New York, 300 Quarropas Street, White Plains, New York, 10601, and to the chambers of the undersigned at said Courthouse.

Failure to file timely objections to this Report and Recommendation will preclude later appellate review of any order of judgment that will be entered. See Small v. Secretary of H.H.S., 892 F.2d 5, 16 (2d Cir. 1989).

Requests for extensions of time to file objections must be made to the Honorable Stephen C. Robinson and not to the undersigned.

Dated: February 10, 2006
White Plains, New York

Respectfully Submitted,

GEORGE A. YANTHIS
UNITED STATES MAGISTRATE JUDGE